## Miller v. Johnstown Traction Company

Before McCann, P. J., McKenrick and Griffith, JJ.

*Samuel R. DiFrancesco,* for plaintiff.

*McWilliams & Margolis,* and *Shettig & Swope,* for defendant.

GRIFFITH, J., July 25, 1949.—In the complaint in this action of assumpsit plaintiff sets forth his employment by defendant in 1939 as a bus operator and the continuance of said employment until April, 1948; that he was a member of the Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, division no. 1279, which was and is the collective bargaining agent for plaintiff and other employes of defendant; that on July 13, 1947, the collective bargaining agreement expired, and that in accordance with the provisions thereof an arbitration board was appointed to act upon wages and working conditions for the employes; that in August 1948 the arbitration board made an award to the employes of defendant increasing their wages by certain amounts; and that plaintiff's claim is based upon the increased rate schedule as applied to the number of hours he worked for defendant; that the contract or agreement of employment contains a provision that if any negotiations or arbitrations continue beyond the expiration date of the agreement "then any changes which may be agreed upon shall be retroactive to the date upon which this agreement or any extension was originally scheduled to expire"; that in view of the provisions of the agreement of employment plaintiff is entitled to the increase in pay retroactively despite the fact that he is no longer in the employ of defendant.

Defendant filed preliminary objections to the complaint, in which it set forth its contention that when plaintiff left the employ of defendant, he ceased to be one of the persons for whose benefit the arbitrators were appointed and their award was made.

Defendant in its very able brief suggests that the parties to the contract clearly intended that plaintiff and other former employes not now in defendant's employ should not benefit as donee beneficiaries of the

contract, because in the supplemental report of the arbitrators it is provided that "all retroactive wage payments shall be made only to those employees who have been on the company's payroll as of August 25, 1948." Defendant further contends that the arbitrators had the power to so limit retroactive wage payments, because the provision in the wage agreement referred to in plaintiff's complaint to the effect that any changes shall be retroactive to the date upon which the contract of employment was scheduled to expire was specifically submitted to the arbitrators for arbitration by the agreement of submission between the company and the union dated June 22, 1948. Apparently this matter is controverted by plaintiff, who contends in his brief that the submission of the dispute to the arbitrators contained a demand for increased wages on behalf of the union, but no demand either by the union or the company in regard to retroactive payment of any wage increase. Which of these positions is correct cannot be determined by an examination of the pleadings.

Defendant's preliminary objections were filed under Pa. R. C. P. 1017 (4) and are in the nature of a demurrer replacing the affidavit of defense raising questions of law under the former procedure.

Defendant's pleading in this case is in effect a speaking demurrer, and must, therefore, be overruled. It is true that by a properly verified preliminary objection containing endorsement of a notice to plead, certain new factual matters may be raised, thereby making defendant's preliminary objection in effect a complaint and creating a new subsidiary issue to be determined prior to the adjudication of the main issues on the merits. However, the factual matters which may be raised in a preliminary objection are those raising jurisdictional questions, lack of capacity to

sue, lis pendens, or nonjoinder of a necessary party, and not matters of fact which should be raised in an answer under "New Matter".

If the facts set forth in defendant's brief are correct, it may set forth these facts under "New Matter" in its answer, with endorsement of a notice to plead, and if plaintiff is unable to refute the facts so set forth, defendant may move for judgment on the pleadings under Pa. R. C. P. 1034, thus properly raising the questions which defendant has sought to raise by its preliminary objections.

We, therefore, enter the following

### Decree

And now, July 25, 1949, after argument and upon due consideration, defendant's preliminary objections are overruled, and defendant is given the right to file an answer within 20 twenty days from the date of this decree.